UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 1- 7 71              │
└─────────────────────────────────┘
```

----------------------------------------------------------------

E-LIONHEART ASSOCIATES, LLC,
        Plaintiff,

                         :        **MEMORANDUM DECISION**

v.                          :

                         :        10 CV 2781 (VB)

ALKANE, INC., MONSTER DIESEL, INC.,
ALTERNAFUELS, INC., and MATTHEW
ZUCKERMAN,[1]
        Defendants.            :

-------------------------------------------------------------x

Briccetti, J.:

       Defendant Mathew Zuckerman has filed a motion to dismiss the claims against him

(Doc. #26). The Court has already entered a default judgment against defendant Alkane, Inc.,

Monster Diesel, Inc., and Alternafuels, Inc. (Doc. #23), leaving only those claims against

Zuckerman. For the following reasons, Zuckerman's motion is DENIED.

       The Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332.

## BACKGROUND

       For purposes of ruling on defendant's motion, the Court accepts all well-pleaded

allegations of the amended complaint as true.

       Plaintiff E-Lionheart Associates, LLC ("E-Lionheart") acquired a promissory note made

payable by defendant Alkane. The promissory note featured the right by the holder to convert

the debt into equity, a feature of great import to plaintiff. Zuckerman, as Alkane's Chief

Executive Officer, assured plaintiff that Alkane, on plaintiff's request, would procure a board

---

[1]     Defendant Zuckerman's first name is spelled "Mathew."

Copies Mailed/Faxed 11-7-11
Chambers of Vincent L. Briccetti

resolution permitting the conversion following the acquisition of the promissory note by plaintiff.

On January 18, 2011, plaintiff acquired the promissory note in exchange for $125,000.00, with Alkane's concurrent execution of a convertible promissory note in E-Lionheart's favor for the same amount, bearing interest at six percent per year and restating the conversion entitlements. In reliance upon the ability to convert the debt to equity, in January and February 2011, E-Lionheart commenced short sales of stock three times, expecting the equity it would acquire to be available to complete each transaction. Zuckerman continually reaffirmed E-Lionheart's ability to undertake the conversion, in reliance on which, plaintiff sold more shares of Alkane stock.

On March 15, 2011, Zuckerman indicated for the first time that Alkane would not permit the conversion. Plaintiff was then required to purchase shares of Alkane on the open market. Doing so resulted in losses to plaintiff of $22,924.06. Despite written demand, Alkane refused to permit the conversion.

In May 2011, Alternafuels, Inc. began the process of acquiring Alkane's assets.

## DISCUSSION

The function of a motion to dismiss pursuant to Rule 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Defendant Zuckerman moves for dismissal on two grounds. First, he argues that plaintiff has secured judgments against the three corporate defendants which alleviates the need for it to secure a judgment against Zuckerman. Second, defendant argues that plaintiff has failed to allege that Zuckerman acted as an individual in this matter. The motion is denied because both of these reasons fail. In addition, the motion is denied as improper because Zuckerman has already filed an answer (Doc. #20). Once he filed his answer, Zuckerman was no longer entitled to file a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

As for Zuckerman's contention about a default judgment having been secured against the corporate defendants, even when a plaintiff secures a judgment against one tortfeasor which would satisfy his whole claim, he may still proceed against another joint tortfeasor. See, e.g., 3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp., 2006 U.S. Dist. LEXIS 13618 (S.D.N.Y. Mar. 24, 2006) (entering default judgment against several defendants, but not all); Montcalm Pub. Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992). It should be noted that plaintiff will not be able to recover more than his just amount. See Gerber v. MTC Electronic Technologies Co., Ltd., 329 F.3d 297, 302-03 (2d Cir. 2003). Therefore, the default judgment has no impact on whether Zuckerman may be held liable in this action.

In addition, Zuckerman's theory that his acting as an officer of the corporate defendant absolves him of liability is legally wrong. Corporate officers and directors are not generally liable for corporate debts or the corporation's breaches of contract. See We're Associates Co. v.

3

Cohen, Stracher & Bloom, P.C., 65 N.Y.2d 148, 151 (1985). Nonetheless, "officers and directors of a corporation may be held liable for fraud if they participate in it or have actual knowledge of it." Cohen v. Koenig, 25 F.3d 1168, 1173 (2d Cir. 1994) (quoting People v. Apple Health & Sports Clubs, Ltd., 80 N.Y.2d 803, 807 (1992)). Plaintiff asserts claims against Zuckerman for common law indemnification, fraud, and fraudulent conveyance under New York Debtor Creditor Law §§ 273 and 276. The allegations of the amended complaint do not base liability on Zuckerman's role as an officer of the corporations, but as an active participant in the alleged fraud. Therefore, there is no bar to plaintiff's asserting these claims.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant Zuckerman's motion to dismiss (Doc. #26).

The Clerk is instructed to terminate this motion.

Dated: November 7, 2011
      White Plains, New York

SO ORDERED:

Vincent L. Briccetti
United States District Judge

4